**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW GRIFFIS, *individually and on Behalf of others similarly situated,* | |
| Plaintiff, | Case No. 2:24-cv-00268-MPK |
| v. | ELECTRONICALLY FILED |
| COMPLIANCE STAFFING AGENCY, LLC d/b/a JENNMAR SERVICES, | |
| Defendant. | |

**ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT**

Defendant Compliance Staffing Agency, LLC d/b/a Jennmar Services ("Defendant" or "Jennmar"), by and through undersigned counsel, submits the following Answer and Affirmative Defenses to the Plaintiff's Original Class Complaint (the "Complaint"). Each paragraph of this Answer constitutes Defendant's answer to the same numbered paragraph of the Complaint. Defendant denies each and every allegation of the Complaint not specifically admitted herein.

**SUMMARY[1]**

1.      Defendant admits only that Plaintiff has filed this lawsuit against Defendant before this Court. The remaining allegations contained in Paragraph 1 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

---

[1]      Jennmar reproduces Plaintiff's headers from his Complaint for convenience purposes.  To the extent that each header presents factual content or legal conclusions, no response is required.  To the extent that a response is required, Defendant denies the allegations contained in each header.

2.      Defendant admits only that Plaintiff worked for Jennmar in Craig and Oak Creek, Colorado and that Plaintiff was paid hourly. To the extent that the term "Hourly Colorado Workers" connotes a putative class, that term is supported by a legal conclusion to which no response is required, and Jennmar notes that objection as to all such references herein.  To the extent a response is required, Defendant denies the allegation.

3.      Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant admits only that Plaintiff and other non-exempt Colorado employees work over 40 hours per week from time to time and are paid all legally required overtime premiums.  Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.      Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.      The allegations contained in Paragraph 9 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

10.     The allegations contained in Paragraph 10 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

11.     The allegations contained in Paragraph 11 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     The allegations contained in Paragraph 13 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

14.     The allegations contained in Paragraph 14 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     The allegations contained in Paragraph 17 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

**JURISDICTION & VENUE**

18.     The allegations contained in Paragraph 18 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

19.     The allegations contained in Paragraph 19 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant admits it is a domestic limited liability company headquartered in Pittsburgh and registered to do business in the Commonwealth but denies the remaining allegations.

20.     The allegations contained in Paragraph 20 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

21.     The allegations contained in Paragraph 21 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

22.     The allegations contained in Paragraph 22 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations and refers to its Notice of Removal filed in this matter.  *See* ECF No. 1.

**PARTIES**

23.     Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant admits the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26.     The allegations contained in Paragraph 26 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     The allegations contained in Paragraph 28 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     The allegations contained in Paragraph 32 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

33.     The allegations contained in Paragraph 33 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

34.     The allegations contained in Paragraph 34 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

35.     Defendant admits the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant presumes that by "the Commonwealth," Plaintiff is referring to the Commonwealth of Pennsylvania and admits the allegations in Paragraph 36 of the Complaint in reliance on that presumption.

37.     Defendant admits the allegations contained in Paragraph 37 of the Complaint.

**FACTS**

38.     Plaintiff purports to quote a webpage, which is a written document that speaks for itself and, thus, no response is required.  To the extent that a response is required, Defendant admits the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant admits the allegations in Paragraph 39 of the Complaint.

40.     Defendant admits that it appropriately classifies its employees as non-exempt and denies the remaining allegations contained in Paragraph 40 of the Complaint.

41.     The allegations contained in Paragraph 41 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

42.     Defendant admits the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant admits that Plaintiff's job duties included those listed in Paragraph 43 of the Complaint.

44.     Defendant admits the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant admits that it paid Griffis $32 per hour and that it paid Griffis all legally required wages, including overtime premiums above $32 per hour for all overtime hours.

46.     Defendant admits the allegations contained in Paragraph 46 of the Complaint.

47.     Defendant admits the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     The allegations contained in Paragraph 51 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     The allegations contained in Paragraph 55 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

56.     The allegations contained in Paragraph 56 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

57.    The allegations contained in Paragraph 57 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

58.    Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.    The allegations contained in Paragraph 59 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

60.    The allegations contained in Paragraph 60 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

61.    Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.    Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.    Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.    Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.    Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.    Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.    Defendant admits the allegations contained in Paragraph 67 of the Complaint.

68.    Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.    The allegations contained in Paragraph 69 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

70.    The allegations contained in Paragraph 70 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

71.    Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.    Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.    Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.    The allegations contained in Paragraph 74 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

75.    The allegations contained in Paragraph 75 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

76.    Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.    Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.    Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79.    The allegations contained in Paragraph 79 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

80.    The allegations contained in Paragraph 80 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

81.    The allegations contained in Paragraph 81 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

82.    Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83.    The allegations contained in Paragraph 83 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

84.    The allegations contained in Paragraph 84 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

85.    Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86.    Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87.    The allegations contained in Paragraph 87 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## CLASS ACTION ALLEGATIONS

88.    Defendant incorporates each of its responses in the preceding paragraphs as if set forth herein.

89.    The allegations contained in Paragraph 89 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to bring his claims on behalf of a class under Rule 1700, *et seq*., but denies that class treatment is appropriate and, therefore, denies the allegations contained in Paragraph 89 of the Complaint.

90.    The allegations contained in Paragraph 90 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

91.    The allegations contained in Paragraph 91 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

92.    The allegations contained in Paragraph 92 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

93.    The allegations contained in Paragraph 93 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant admits the allegations.

94.    The allegations contained in Paragraph 94 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

95.    Defendant denies sufficient knowledge and information to respond to Plaintiff's knowledge of the number of Hourly Colorado Workers.  Defendant admits only that the Hourly Colorado Workers can be identified through its business and personnel records and denies the remaining allegations contained in Paragraph 95 of the Complaint.

96.    The allegations contained in Paragraph 96 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

97.    The allegations contained in Paragraph 97 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

98.    The allegations contained in Paragraph 98 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

99.    The allegations contained in Paragraph 99 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

100.    The allegations contained in Paragraph 100 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

101.    Defendant admits the allegations contained in Paragraph 101 of the Complaint.

102.    Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103.    Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.    The allegations contained in Paragraph 104 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

105.    The allegations contained in Paragraph 105 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

106.    The allegations contained in Paragraph 106 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

107.    The allegations contained in Paragraph 107 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

108.    The allegations contained in Paragraph 108 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

109.    The allegations contained in Paragraph 109 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

110.    The allegations contained in Paragraph 110 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

111.    The allegations contained in Paragraph 111 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant admits the allegations.

112.    The allegations contained in Paragraph 112 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

113.    The allegations contained in Paragraph 113 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

114.    The allegations contained in Paragraph 114 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

115.    The allegations contained in Paragraph 115 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

116.    The allegations contained in Paragraph 116 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

117.    The allegations contained in Paragraph 117 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

118.    The allegations contained in Paragraph 118 (and all subparts (a) through (j)) of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

119.    The allegations contained in Paragraph 119 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

120.    The allegations contained in Paragraph 120 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## JENNMAR'S VIOLATIONS WERE WILLFUL AND/OR

## DONE IN RECKLESS DISREGARD OF THE COLORADO WAGE LAWS

121.    Defendant incorporates each of its responses in the preceding paragraphs as if set forth herein.

122.    The allegations contained in Paragraph 122 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that it was aware of and has the good-faith belief it was and is compliant with all applicable wage-and-hour laws.

123.    The allegations contained in Paragraph 123 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that it was aware of and has the good-faith belief it was and is compliant with all applicable wage-and-hour laws.

124.    The allegations contained in Paragraph 124 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that it was aware of and has the good-faith belief it was and is compliant with all applicable wage-and-hour laws.

125.    The allegations contained in Paragraph 125 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that it was aware of and has the good-faith belief it was and is compliant with all applicable wage-and-hour laws.

126.    Defendant admits the allegations contained in Paragraph 126 of the Complaint.

127.    Defendant admits only that it keeps timekeeping records for employees' hour worked and denies the remaining allegations contained in Paragraph 127 of the Complaint.

128.    The allegations contained in Paragraph 128 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that it was aware of and has the good-faith belief it was and is compliant with all applicable wage-and-hour laws.

129.    The allegations contained in Paragraph 129 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that it was aware of and has the good-faith belief it was and is compliant with all applicable wage-and-hour laws.

130.    The allegations contained in Paragraph 130 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that it was aware of and has the good-faith belief it was and is compliant with all applicable wage-and-hour laws.

131.    The allegations contained in Paragraph 131 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that it was aware of and has the good-faith belief it was and is compliant with all applicable wage-and-hour laws.

132.    Defendant denies the allegation denies the allegations contained in Paragraph 132 of the Complaint.

133.    Defendant denies the allegation contained in Paragraph 133 of the Complaint.

134.    Defendant denies the allegations contained in Paragraph 134 of the Complaint.

135.    Defendant denies the allegations contained in Paragraph 135 of the Complaint.

136.    Defendant denies the allegations contained in Paragraph 136 of the Complaint.

137.    The allegations contained in Paragraph 137 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

138.    The allegations contained in Paragraph 138 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

139.    The allegations contained in Paragraph 139 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

140.    The allegations contained in Paragraph 140 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

141.    The allegations contained in Paragraph 141 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

142.    The allegations contained in Paragraph 142 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

143.    The allegations contained in Paragraph 143 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

144.     The allegations contained in Paragraph 144 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

145.     The allegations contained in Paragraph 145 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

146.     The allegations contained in Paragraph 146 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

147.     The allegations contained in Paragraph 147 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

148.     The allegations contained in Paragraph 148 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## <u>COUNT I</u>

### FAILURE TO PAY OVERTIME WAGES UNDER THE CWCA/COMPS ORDER

### (CLASS ACTION)

149.     Defendant incorporates each of its responses in the preceding paragraphs as if set forth herein.

150.     The allegations contained in Paragraph 150 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to bring his claims on behalf of a class under Rule 1700, *et seq.*

Defendant denies that class treatment is appropriate and, thus, denies the remaining allegations contained in Paragraph 150 of the Complaint.

151.    The allegations contained in Paragraph 151 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

152.    The allegations contained in Paragraph 152 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

153.    The allegations contained in Paragraph 153 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

154.    The allegations contained in Paragraph 154 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

155.    The allegations contained in Paragraph 155 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

156.    The allegations contained in Paragraph 156 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

157.    The allegations contained in Paragraph 157 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

158.    The allegations contained in Paragraph 158 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

159.    The allegations contained in Paragraph 159 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

160.    The allegations contained in Paragraph 160 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

161.    The allegations contained in Paragraph 161 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## COUNT II

### FAILURE TO PAY EARNED WAGES UNDER THE CWCA (CLASS ACTION)

162.    Defendant incorporates each of its responses in the preceding paragraphs as if set forth herein.

163.    The allegations contained in Paragraph 163 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to bring his claims on behalf of a class under Rule 1700, *et seq*., but denies that class treatment is appropriate and, therefore, denies the allegations contained in Paragraph 163 of the Complaint.

164.    The allegations contained in Paragraph 164 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

165.    The allegations contained in Paragraph 165 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

166.    The allegations contained in Paragraph 166 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

167.    The allegations contained in Paragraph 167 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

168.    The allegations contained in Paragraph 168 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

169.    The allegations contained in Paragraph 169 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

170.    The allegations contained in Paragraph 170 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

171.    The allegations contained in Paragraph 171 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

172.    The allegations contained in Paragraph 172 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

**FAILURE TO PAY MINIMUM WAGES UNDER THE CMWA/COMPS ORDER**

**(CLASS ACTION)**

173.    Defendant incorporates each of its responses in the preceding paragraphs as if set forth herein.

174.    The allegations contained in Paragraph 174 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to bring his claims on behalf of a class under Rule 1700, *et seq*. Defendant denies that class treatment is appropriate and, thus, denies the remaining allegations contained in Paragraph 174 of the Complaint.

175.    The allegations contained in Paragraph 175 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

176.    The allegations contained in Paragraph 176 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

177.    The allegations contained in Paragraph 177 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

178.    The allegations contained in Paragraph 178 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

179.    The allegations contained in Paragraph 179 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

180.    The allegations contained in Paragraph 180 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

181.    The allegations contained in Paragraph 181 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

182.    The allegations contained in Paragraph 182 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## COUNT IV

### CIVIL THEFT OF WAGES UNDER THE CMWA

### (CLASS ACTION)

183.    Defendant incorporates each of its responses in the preceding paragraphs as if set forth herein.

184.    The allegations contained in Paragraph 184 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to bring his claims on behalf of a class under Rule 1700, *et seq*. Defendant denies that class treatment is appropriate and, thus, denies the remaining allegations contained in Paragraph 184 of the Complaint.

185.    The allegations contained in Paragraph 185 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

186.    The allegations contained in Paragraph 186 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

187.    The allegations contained in Paragraph 187 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

188.    The allegations contained in Paragraph 188 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

189.    The allegations contained in Paragraph 189 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

190.    The allegations contained in Paragraph 190 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

191.    The allegations contained in Paragraph 191 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

### JURY DEMAND

192.    The allegations contained in Paragraph 192 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

### RELIEF SOUGHT

No response to the "WHEREFORE" clause following Paragraph 192 of the Complaint is required. To the extent a response is required, Defendants deny that they violated any law or that Plaintiff has any legal or factual basis for the claims of liability or for relief set forth in the Complaint.

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim for which relief may be granted.

### SECOND DEFENSE

Plaintiff and all alleged putative class action members have been paid and/or received all wages and/or compensation legally due to them by Defendant.

### THIRD DEFENSE

Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated or tolerated by Defendant.

## **FOURTH DEFENSE**

Plaintiff has waived any claim he may have, which is denied, to seek relief against Defendant.

## **FIFTH DEFENSE**

To the extent that the Plaintiff or any alleged putative class action members have failed to comply with the applicable statute of limitations, such claims are barred.

## **SIXTH DEFENSE**

To the extent the Court finds that Defendant took any actions or omissions with respect to Plaintiff or any member of the alleged putative class, such acts or omissions concerning or affecting Plaintiff and the putative class Plaintiff purports to represent were undertaken in good faith to comply with the CWCA, CMWA, COMPS or any other law, and with reasonable grounds that the actions did not violate the CWCA, CMWA, COMPS or any other law, and were justified, proper, and lawful, and were taken without any intent to violate CWCA, CMWA, COMPS or any other law. Plaintiff, or any member of the alleged putative class, therefore, is not entitled to, among other things, liquidated damages or penalties.

## **SEVENTH DEFENSE**

Plaintiff's claims are barred to the extent Plaintiff and/or alleged similarly situated workers did not work more than forty (40) hours in any given work week and, therefore, are not entitled to overtime under applicable law, including the CMWA.

## **EIGHTH DEFENSE**

Plaintiff is not entitled to some or all of the relief sought in the Complaint because Defendant's actions were not malicious, egregious, in bad faith, or in willful or reckless indifference to Plaintiff's legal rights.

## NINTH DEFENSE

Plaintiff's claims are barred as to any hours allegedly worked off-the-clock of which Defendant lacked actual or constructive knowledge.

## TENTH DEFENSE

To the extent that Plaintiff or any member of the alleged putative class falsely reported his or her hours, then the doctrines of estoppel and avoidable consequences bar the claims asserted by such individuals.

## ELEVENTH DEFENSE

Plaintiff's claims for equitable relief are barred by the doctrines of waiver, release, accord and satisfaction, unclean hands, estoppel and/or laches.

## TWELFTH DEFENSE

The simultaneous recovery of liquidated damages and prejudgment interest is not available under the CWCA, CMWA, or COMPS.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to attorneys' fees or costs.

## FOURTEENTH DEFENSE

Plaintiff did not have a reasonable basis for thinking Defendant committed any violation of law, rule, or regulation.

## FIFTEENTH DEFENSE

Defendant is entitled to the damage caps and limitations available under in CWCA, CMWA, COMPS, the U.S. Constitution, and any other applicable law.

**SIXTEENTH  DEFENSE**

Pleading in the alternative, and without admitting any of the allegations contained in the Complaint, to the extent that the Complaint, and each alleged cause of action therein, seeks punitive damages, it violates Defendant's rights to procedural and substantive due process and Defendant's rights to protection from "excessive fines" as provided in the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and, therefore, fails to state a cause of action upon which punitive or exemplary damages can be awarded.

**SEVENTEENTH DEFENSE**

Defendant is entitled to an offset of any amount of relief claimed by Plaintiff based on compensation previously paid by Defendant to Plaintiff.

**EIGHTEENTH DEFENSE**

Recovery on the Complaint is barred because Plaintiff is not entitled to overtime compensation under the CWCA, CMWA, or COMPS.

**NINETEENTH DEFENSE**

Defendant has made payment to Plaintiff of all sums which may have been due under the CWCA, CMWA, or COMPS.

**TWENTIETH DEFENSE**

Plaintiff and/or some or all of the members of the alleged "class" of individuals Plaintiff purports to represent, the existence of which is expressly denied, have failed to comply with their legal duty to mitigate their claimed damages, their entitlement thereto being expressly denied.

**TWENTY-FIRST DEFENSE**

Plaintiff, and some or all of the members of the alleged "class" of individuals Plaintiff purports to represent, cannot satisfy the requirements of a class action.

### TWENTY-SECOND DEFENSE

This action may not properly be maintained as a class action because the Complaint fails to state facts sufficient to establish an ascertainable class.

### TWENTY-THIRD DEFENSE

Some or all of the claims alleged by Plaintiff are neither common to nor typical of those, if any, of the alleged "class" of individuals plaintiff purports to represent, the existence of which is expressly denied.

### TWENTY-FOURTH DEFENSE

Plaintiff is an inadequate representative of some or all of the members of the alleged "class" of individuals Plaintiff purports to represent, the existence of which is expressly denied.

### TWENTY-FIFTH DEFENSE

The damages claimed by Plaintiff and members of the alleged "class" of individual plaintiffs purport to represent, the existence of which is expressly denied, are barred because they are speculative and remote.

### TWENTY-SIXTH DEFENSE

Some or all of the claims asserted in the Complaint are barred because a class action not superior to other available methods for the fair and efficient adjudication of this controversy.

### TWENTY-SEVENTH DEFENSE

Certain of the interests of Plaintiff and members of the alleged "class" of individual plaintiffs are in conflict with the interests of some or all of the members of the alleged "class" of individuals plaintiffs that Plaintiff purports to represent, the existence of which is expressly denied.

## TWENTY-EIGHTH DEFENSE

Plaintiff and members of the alleged "class" of individual plaintiffs' claims lack sufficient fundamental, common questions of law and fact applicable to all class members, rendering class treatment inappropriate.

## TWENTY-NINTH DEFENSE

Plaintiff and members of the alleged "class" of individual plaintiffs' legal claims and Jennmar's legal defenses thereto do not have sufficient (or any) overlap, rendering class treatment inappropriate.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint with prejudice; that the Court enter judgment in Defendant's favor and against Plaintiff on all counts; and that the Court award Defendant its costs and attorneys' fees incurred in defending this action and such other relief as the Court deems appropriate.

Dated:  March 8, 2024

Respectfully submitted,

REED SMITH LLP

*/s/ Christopher S. Bouriat*
Christopher S. Bouriat (PA ID 324004)
Joshua R. Sallmen (PA ID 325948)
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, Pennsylvania  15222
T:(412) 288-4119/5446
F:(412) 288-3063
E:cbouriat@reedsmith.com
   jsallmen@reedsmith.com

*Attorneys for Defendant*